IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS EUGENIO VARELA,

    Plaintiff,

v.                                                                                                                            No. 17-cv-0317 SMV

NANCY A. BERRYHILL,
**Acting Commissioner of the Social Security,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 22] ("Motion"), filed on September 29, 2017. The Commissioner responded on November 22, 2017. [Doc. 24]. Plaintiff replied on December 21, 2017. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard at step four. He made no finding as to the mental demands of (or skills acquired in) Plaintiff's past relevant work. Moreover, the evidence in this administrative record could not sustain a finding that Plaintiff ever acquired the skills necessary to perform the job of "store manager," Dictionary of Occupational Titles ("DOT") number 185.167-046, as it is generally performed. Accordingly, the Motion will be granted. The Commissioner's final decision will be reversed and remanded for further proceedings in accordance with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, hise, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. Tr. 289.

of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to

3

perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

**Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on March 28, 2013. Tr. 15. He alleged a disability-onset date of March 1, 2008. *Id.* His claim was denied initially and on reconsideration. *Id.* ALJ Kim A. Fields held a hearing on February 11, 2016, in Alexandria, Louisiana. Tr. 11, 29–50. Plaintiff and his non-attorney representative appeared by video conference from Santa Fe, New Mexico. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Charles E. Smith. *Id.*

The ALJ issued his unfavorable decision on March 16, 2016. Tr. 23. He found that Plaintiff met the insured status requirements through December 31, 2013. Tr. 17. At step one he found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date (March 1, 2008) and his date last insured (December 31, 2013).[2] *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity, diabetes mellitus, hypertension, hypercholesterolemia, cervical spine disc disease, [and] history of obstructive sleep apnea." *Id.* The ALJ found that Plaintiff's medically determinable impairments of anxiety and depression were not severe. Tr. 18.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 19. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.

---

[2] The ALJ also found that because a prior application for disability insurance benefits had been denied on January 31, 2013, Plaintiff was not eligible for disability benefits for any period on or before January 31, 2013. Tr. 15.

4

Tr. 19–22. The ALJ found that, through his date last insured, Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). Tr. 19.

At step four, the ALJ relied on the VE's hearing testimony to conclude that Plaintiff was able to perform his past relevant work as "store manager," DOT number 185.167-046, as it is generally performed. Tr. 22. Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act and denied the claim. Tr. 23. Plaintiff requested review from the Appeals Council, but that request was denied on February 1, 2017. Tr. 1. Plaintiff timely filed the instant action on March 7, 2018. [Doc. 1].

## **Analysis**

The ALJ failed to apply the correct legal standard at step four. He made no finding as to the mental demands of (or skills acquired in) Plaintiff's past relevant work. Such findings are required to support the ALJ's characterization of Plaintiff's past relevant work as "store manager," DOT number 185.167-046. The lack of these findings is more than a mere technical omission. For even if the Court supplied the missing findings, there would not be substantial evidence to support them. The evidence in this administrative record cannot sustain a finding that Plaintiff ever acquired the skills necessary to perform the job of store manager as it is generally performed. Therefore, remand is required revisit the characterization of Plaintiff's past relevant work and whether he can return to it. The Court declines to pass on Plaintiff's other alleged errors at this time.

The Tenth Circuit Court of Appeals explained the phases at step four as follows:

> Step four of the sequential analysis . . . is comprised of three phases. In the **first phase**, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), *see* SSR 86–8, Soc. Sec. Rep. Serv., Rulings 1983–1991, 423, 427 (West 1992), and in the **second phase**, he must determine the

5

> physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520[(f)]. In the **final phase**, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *See* SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975–1982, 809; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). **At each of these phases, the ALJ must make specific findings.** *See Henrie*, 13 F.3d at 361.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (emphases added). The Tenth Circuit has also clarified that the record must be adequately developed to support the ALJ's findings at phase two in particular. *E.g., id.* at 1024. For example,

> [w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

*Id.* (quoting SSR 82-62, 1982 WL 31386 at *3) (alterations omitted). Where a claimant has a mental impairment and the record is not adequately developed regarding the mental demands of a claimant's past work, remand is necessary because otherwise there is no substantial evidence to support a phase-two finding. *Id.*; *see Sissom v. Colvin*, 512 F. App'x 762, 768–69 (10th Cir. 2013) ("The ALJ's written findings regarding Ms. Sissom's PRW are simply a reiteration of the VE's testimony regarding the exertional level and skill level of Ms. Sissom's PRW. But this limited testimony by the VE is insufficient to determine the physical and mental work demands of Ms. Sissom's past employment. The ALJ failed to develop the record with "factual information" regarding the actual work demands of Ms. Sissom's PRW."); *Flores v. Apfel*, No. 99-2369, 2000 U.S. App. LEXIS 28642 at *10–11 (10th Cir. Nov. 13, 2000) (unpublished) (reversing and remanding for further development of the record regarding the mental demands of

the claimant's past relevant work because the ALJ did not inquire about such demands at the hearing and because the vocational summary completed by the claimant did not address such demands).

Even where the record is adequately developed, the phase-two findings must still be sufficient for a phase-three finding and for meaningful judicial review. *Winfrey*, 92 F.3d at 1025 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, [courts] are left with nothing to review.").

In this case, the entirety of the ALJ's step four findings is as follows:

> **6. Through the date last insured, the claimant was capable of performing past relevant work as a store manager. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> According to the Dictionary of Occupational Titles, the job of a store manager (DOT 185.167-046) is classified as light, skilled with a SVP of 6.
>
> In comparing the claimant's residual functional capacity with the physical demands of this work, the undersigned finds that the claimant was able to perform it as generally performed.
>
> Based upon the above residual functional capacity, and the description of such work as contained in the Dictionary of Occupational Titles, the undersigned finds that the claimant retained the residual functional capacity to perform his past work as generally performed.
>
> Social Security Rulings 82-61, 82-62[,] and 96-8p provide that an individual will be found "not disabled" when it is determined that he retained the residual functional capacity to perform the functional demands of job duties of the occupation as generally required by employers throughout the national economy.

Tr. 22.

Plaintiff argues that, here, the phase two finding is legally inadequate because the ALJ expressly compared the RFC with the "physical demands of [the job of store manager, DOT § 185.167-046]" and ignored entirely the mental demands. Tr. 22; [Doc. 22] at 13–14. Further, Plaintiff argues that the record contains no evidence that Plaintiff ever performed or ever could perform the duties of store manager as defined by the DOT (i.e., the mental demands or the skills required). [Doc. 22] at 13.

> For example, the DOT describes some of the duties of "store manager" as:
>
>> formulating pricing policies, coordinating sales promotion activities, preparing merchandise displays and advertising copy, taking inventories, reconciling cash with sales receipts, keeping operating records or preparing daily records of transactions for an accountant, ordering merchandise or preparing requisitions to replenish merchandise, and ensuring compliance of employees with established security, sales, and record keeping procedures and practices.

[Doc. 22] at 13 (citing DOT ¶ 185.167-046). While Plaintiff reported performing the physical tasks of managing and running the grocery store, his wife did the "paperwork, ordering, and accounting." *Id.* (quoting Tr. 285). Plaintiff also points to his wife's testimony and Dr. Gzaskow's report, both of which are consistent with this division of labor. *Id.* (quoting Tr. 289, 303).

Defendant does not point to any evidence that Plaintiff ever performed or was capable of performing the non-physical demands of the job of "store manager" (either the mental demands or the skills required). [Doc. 24] at 11–12. Her position is that the VE's testimony characterizing Plaintiff's past work as "store manager," DOT number 185.167-046, is sufficient. *Id.* Under the circumstances here, the Court disagrees.

8

Like all findings, the ALJ's finding that Plaintiff's past work is properly characterized as "store manager," DOT § 185.167-046, must be supported by substantial evidence. SSR 82-62, 1982 SSR LEXIS 27, at *8. The VE would have been qualified to synthesize Plaintiff's testimony (and other evidence of record) and testify as to which job(s) listed in the DOT would correspond to Plaintiff's past work. But the VE was not qualified to testify as to demands of Plaintiff's past work in the first instance. If there had been evidence that Plaintiff had performed the demands described in the entry of "store manager," DOT § 185.167-046, then the ALJ would have been able to rely on the VE's testimony. But Plaintiff's point is that such evidence is not in this record, and the Court agrees.[3]

Defendant urges that the ALJ found that Plaintiff could perform the duties of store manager *as generally performed*—not as Plaintiff actually performed it. *Id.* at 12. The implication being that it did not matter whether Plaintiff ever performed the duties of "store manager." After all, Defendant reasons, Plaintiff's RFC does not preclude the performance of the duties of "store manager," so there really is no reversible error. *See id.* at 12. This argument gets at the heart of why Defendant is incorrect and why remand is required.

There is not substantial evidence in this record that Plaintiff acquired the *skills*[4] necessary for the job of "store manager," and because of his advanced age,[5] Plaintiff is not expected to

---

[3] On review of the record, the Court found several references to the demands of Plaintiff's past work in the grocery store business. Some of it described only physical demands and did not reference mental demands or skills. Tr. 197 (Plaintiff's Work History Report, reflecting only physical labor and a rate of pay of $10/hour), *see* Tr. 303 (Dr. Gzaskow's report describing Plaintiff's past work as "work in a general store with multiple tasks including loading and unloading shipments, stocking, and serving customers."). Others records explicitly described Plaintiff as performing the physical demands and Plaintiff's wife as performing the non-physical demands. Tr. 285 (Plaintiff's Work Background form), Tr. 289 (letter from Plaintiff's wife). The Court found no evidence affirmatively attributing non-physical demands of the work to Plaintiff, other than one reference to ordering, Tr. 36, and one reference to cashiering, Tr. 219.

[4] "'[W]ork experience' means *skills* and *abilities* acquired through work the claimant has done which show the type of work the claimant may be expected to do. 20 C.F.R. § 404.1565(a) (emphases added). As opposed to skills, mental abilities are "general prerequisites for most work at any skill level." *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012).

acquire such *skills*. POMS DI § 25015.015(g) ("If an individual is of advanced age (age 55 or older), and has a severe impairment(s) that limits him or her to sedentary or light work, we will find that the individual cannot make an adjustment to other work unless he or she has skills that can transfer to other skilled or semiskilled work."); 20 C.F.R. §§ 404.1563(e) ("[A]dvanced age (age 55 or older)[] significantly affects a person's ability to adjust to other work."), 404.1568(d)(4) ("If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than *light* work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you [already] have skills that are transferable to skilled or semiskilled light work.").

Finally, Defendant argues that Plaintiff has identified no evidence demonstrating he could *not* perform the duties of store manager as generally performed. *Id.* at 12–13. Defendant is correct insofar as she argues that Plaintiff had the burden at step four before the ALJ (and has the burden as the movant here). Furthermore, "[t]he ALJ's phase-two task is case-dependent." *Wells v. Colvin*, 727 F.3d 1061, 1075 (10th Cir. 2013). "Detailed information about [the] demands of past relevant work must be obtained as *appropriate*." *Id.* (alterations omitted) (quoting SSR 82-62, 1982 SSR LEXIS 27, *8). Considering the specific circumstances of each case, an ALJ need only obtain enough information at phase two to determine whether the claimant can perform his past relevant work. *See id.* The Court finds that in this case, Plaintiff submitted enough evidence to trigger the ALJ's duty at phase two to determine whether Plaintiff actually acquired the skills necessary for the job of "store manager." The evidence submitted by Plaintiff tending to show that he performed only the physical work at the grocery store and did

---

[5] Plaintiff was born on October 22, 1954, [Doc. 22] at 14, and thus, was 58 or 59 during the relevant time period (February 1, 2013, through December 31, 2013). Individuals 55 and over are considered to be of "advanced age." 20 C.F.R. 404.1463(e).

not acquire the skills associated with that job, along with the absence of evidence that Plaintiff did acquire the skills, meets Plaintiff's burden.

## Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the ALJ to revisit step four. The ALJ must make findings regarding the mental demands of and skills acquired in the course of Plaintiff's past relevant work, which must be supported by substantial evidence. Remand is warranted on that ground, and the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 22] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**